James Fitzpatrick, Esq. (JF 7028)
Fitzgerald & Associates
649 Newark Avenue
Jersey City, NJ 07306
(201)533-1100
Attorney for Debtor

United States Bankruptcy Court
District of New Jersey – Newark
-----------------------------------

**Order Filed on August 15, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY -- NEWARK
--------------------------------xx
In Re:

Terry L. Small a/k/a Terry Lamar
Small and Brenda Small

　　　　Debtor.

--------------------------------xx

　　　　　　　　　　　　　　　　Chapter 13

　　　　　　　　　　　　　　　　Case No.: 18-10171

　　　　　　　　　　　　　　　　Hearing Date: 04/28/20

　　　　　　　　　　　　　　　　Hon. Michael B. Kaplan

**CONSENT ORDER RESOLVING TERMS FOR PROPOSED SALE**

　　The relief set forth on the following page, numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: August 15, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

**Page 2**

| | |
|---|---|
| Debtors: | Terry L. Small a/k/a Terry Lamar Small and Brenda Small |
| Ch.13 Case No. | 18-10171-MBK |
| Caption: | CONSENT ORDER RESOLVING TERMS FOR PROPOSED SALE |

-------------------------------------------------------------

This Consent Order pertains to the property located at 486 Bramhall Avenue, Jersey City, New Jersey 07304, mortgage account ending in "3468;

THIS MATTER having been brought before the court by Nicholas Fitzgerald, Esq., attorney for debtors, TERRY L. SMALL and BRENDA SMALL upon the filing of a Chapter 13 Plan, and Citimortgage, Inc., by and through its attorneys, Phelan Hallinan Diamond & Jones, PC, having filed an Objection to the Confirmation of the Chapter 13 Plan and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for good cause show:

IT IS HEREBY

**ORDERED** that the Debtors are to cure all post-petition arrears to the Secured Creditor from the proceeds of the sale of the subject property; and it is further

**ORDERED** that the Debtors will complete the sale of the property no later than March 30, 2021. The sale is subject to a valid payoff that will pay Secured Creditor in full and will be requested at the time of closing; and it is further

**ORDERED** that the Debtors shall forward to the trustee any net proceeds from the sale of the subject property deemed necessary to pay all unsecured claims in full; and it is further

**ORDERED** that the Debtors are responsible for all costs and taxes associated with the property pending the sale; and it is further

**ORDERED** that the Debtors will resume making regular mortgage payments through the trustee and the trustee is hereby authorized to make payments to the Secured Creditor from the funds received from the Debtors; and it is further

**ORDERED** that should the Debtors fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than ten (10) days late, counsel may file a Certification of Default with the Court upon notice to the Chapter 13 Trustee and Debtors' counsel. If the Debtors fail to cure the default within five (5) days thereafter, the Court may enter an order granting relief from the automatic stay; and it is further

**ORDERED** that in the event that the sale of the property is not completed by March 30, 2021, Secured Creditor can certify to default and apply to the court for relief from the automatic stay; and it is further

**ORDERED** that this Order shall be incorporated into and become part of any Order Confirming Plan in the herein matter.

I hereby consent to the entry of this Order.

| | |
|---|---|
| /s/ James J. Fitzpatrick | July 30, 2020 |
| James J. Fitzpatrick, Esq. | Date |

| | |
|---|---|
| /s/ Robert J. Davidow | July 30, 2020 |
| Robert J. Davidow, Esq. | Date |